John A. Berg, OSB No. 120018
jberg@littler.com
Erin O. Sweeney, OSB No. 106632
esweeney@littler.com
LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Telephone:    503.221.0309
Fax No.:       503.242.2457

Attorneys for Defendant

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| CHRISTOPHER NETTLETON, an individual,<br><br>            Plaintiff,<br><br>     vs.<br><br>EXACT SCIENCES CORPORATION, a Delaware Corporation,<br><br>            Defendant. | Case No.<br><br>DEFENDANT'S NOTICE OF REMOVAL |

Defendant Exact Sciences Corporation ("Exact") files this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1367, 1441, and 1446, and hereby removes this action from the Circuit Court of Lane County, Oregon, to the United States District Court for the District of Oregon.  This Notice is based upon diversity jurisdiction under 28 U.S.C. § 1332.  In support of its Notice of Removal, Exact states as follows.

## BACKGROUND

1.  On July 18, 2022, Plaintiff Christopher Nettleton ("Nettleton") filed a lawsuit in

Page 1- CERTIFICATE OF SERVICE

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

the Circuit Court of Lane County, Oregon, titled *Christopher Nettleton v. Exact Sciences Corporation*, Case No. 22CV23719 (the "State Court Action").

2. On July 28, 2022, Nettleton served Exact with a copy of the Summons and a First Amended Complaint.

3. Pursuant to 28 U.S.C. § 1446(a), attached as **Exhibit 1** are true and correct copies of "all process, pleadings and orders" that have been served upon Exact in the State Court Action, including the Summons and Amended Complaint.

4. To the best of Exact's knowledge, no further documents from the State Court Action have been filed by Nettleton, and no documents have been filed in the State Court Action by any defendant. The attachments thereby satisfy the requirements of 28 U.S.C. § 1446(a).

5. Nettleton's Amended Complaint purports to assert the following causes of action: (1) fraud; and (2) breach of contract. (*See* Amended Complaint).

**REMOVAL IS TIMELY**

6. Pursuant to 28 U.S.C. § 1446(b), a notice of removal of a civil action must be filed "within thirty days after the receipt by the Defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief …" 28 U.S.C. § 1446(b); *see also, Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 347-48 (1999) (noting 30-day removal period runs from service of summons and complaint).

7. Thirty days from the date on which Exact was served with the Amended Complaint is Saturday, August 27, 2022. Under Federal Rule of Civil Procedure 6(a)(1)(C), when computing time and the period is stated in days or a longer unit of time, if the last day of a period ends on a weekend or legal holiday, the period continues to run until the end of the next day that is not a weekend or legal holiday. *See Dauenhauer v. Columbia River Bank*, No. 3:11-CV-1436 -ST, 2012

Page 2- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

WL 1432610, at *5 (D. Or. Feb. 22, 2012). Consequently, this Notice of Removal is timely.

## VENUE

8. Because the Circuit Court of Lane County, Oregon lies in the District of Oregon, Eugene Division, this Court is the appropriate venue for removal. *See* 28 U.S.C. §§ 117, 1391, 1441(a), and 1446(a).

## GROUNDS FOR REMOVAL

9. The U.S. Supreme Court has confirmed that the notice of removal need only contain "a short and plain statement of the grounds for removal." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547 (2014) (quoting 28 U S.C. § 1446(a)). A removing defendant need not provide evidentiary support for its jurisdictional allegations. *See id.* at 551 ("A statement 'short and plain' need not contain evidentiary submissions.").

10. Removal is proper pursuant to 28 U.S.C. § 1332 (diversity jurisdiction).

**I.  Diversity jurisdiction.**

11. This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a), which confers diversity jurisdiction on the federal district courts for "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different states. . . ."

12. The Court has jurisdiction over this action because there is complete diversity of citizenship between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

**A.  Complete diversity of citizenship exists.**

13. Plaintiff's Amended Complaint alleges that Nettleton is a resident of Oregon. (Amended Complaint, ¶ 1). Citizenship of a natural person is established by their state of domicile.

Page 3- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

*Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001). Thus, Nettleton is a citizen of Oregon.

14. A corporation "shall be deemed a citizen of every State and foreign state by which it had been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). To determine a corporation's "principal place of business," the Supreme Court has held that courts should apply the "nerve center" test. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010). A corporation's "nerve center" is normally located where the corporation maintains its corporate headquarters and where the "corporation's officers direct, control, and coordinate the corporation's activities." *Id.* In other words, a corporation's "principal place of business" can be found where the corporation's "brain" is located. *Id.* at 95.

15. Plaintiff's Amended Complaint correctly alleges that Exact is a Delaware corporation with its principal place of business in Madison, Wisconsin. (Amended Complaint, ¶ 2).

16. Exact is a corporation formed under the laws of Delaware. *See* **Exhibit 2** (2021 Exact Annual Report).[1] Exact's principal place of business, or "nerve center," is located in Wisconsin. (*Id.*). Exact's headquarters are located in Wisconsin, which is where its officers direct, control, and coordinate the company's activities, and where its executive, administrative, financial, and management functions are concentrated. (*See id.*). Thus, Exact is a citizen of Wisconsin and Delaware for purposes of diversity jurisdiction.

17. Accordingly, complete diversity of citizenship exists between the parties.

---

[1] The Court can take judicial notice of Exact's publicly available securities filings. *See* FED. R. EVID. 201(b)(2); *Metzler Inv. GMBH v. Corinthian Colleges, Inc.*, 540 F.3d 1049, 1064, n. 7 (9th Cir. 2008); *Dreiling v. Am. Exp. Co.*, 458 F.3d 942, 946, n. 2 (9th Cir.2006).

Page 4- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon 97201
Tel: 503.221.0309

**B.      The amount in controversy exceeds $75,000.**

18.     To support diversity jurisdiction, the amount in controversy must exceed $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The removing defendant "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

19.     A removing defendant can establish the amount in controversy by calculation from the allegations in the complaint. *See Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir.1996) (the operative amount in controversy is that claimed by plaintiff in the complaint); *Culpepper v. Wells Fargo Bank, N.A.*, No. 6:12-cv-969, 2012 WL 3779038, at *1 (D. Or. Aug. 8, 2012), *report and recommendation adopted*, No. 6:12-CV-969, 2012 WL 3779047 (D. Or. Aug. 29, 2012). Here, Nettleton's complaint alleges that he is seeking over $2,000,000 in damages for lost wages, pain and suffering, emotional distress, and other damages. (Amended Complaint, ¶¶ 39-40, 47-48.

20.     While Defendant denies the validity and merit of Nettleton's claims and denies that he is entitled to any relief, the damage-related allegations in his Amended Complaint establish that the amount in controversy exceeds $75,000. *See Dart Cherokee Basin Operating Co, LLC*, 135 S. Ct. at 553; *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious"); *Barrie v. NFH Oregon, LLC*, No. 6:20-cv-01038, 2020 WL 9211003, at *3 (D. Or. Nov. 4, 2020) ("The amount of damages sought in the complaint is the amount in controversy").

**II.     Compliance with procedural requirements.**

21.     Exact has never attempted to litigate this case in state court or taken any action that

Page 5- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

could be construed as a waiver of its right of removal.

22.   Pursuant to 28 U.S.C. § 1446(d), a "Notice to State Court of Filing Notice of Removal" and a copy of this Notice of Removal are being contemporaneously filed with the State Court and served on Nettleton, along with a Notice to Adverse Party of Filing of Notice of Removal. Attached as **Exhibit 3** are true and correct copies of the Notice to State Court of Filing Notice of Removal (without exhibits) and Notice to Adverse Party of Filing of Notice of Removal.

23.   Exact files this Notice of Removal solely for the purpose of removing the instant Action and does not waive, and specifically reserves any and all defenses.

24.   In the event this Court should be inclined to remand this action, Exact requests that the Court issue an order to show cause why the case should not be remanded, giving the parties an opportunity to present proper briefing, evidence, and argument prior to any possible remand. Because a remand order is not subject to appellate review, such a procedure is appropriate.[2]

25.   This Notice of Removal has been signed by counsel for Exact, in compliance with the requirements of 28 U.S.C. § 1446(a) and Federal Rule of Civil Procedure 11.

---

[2] Only after a plaintiff contests—or a court questions—a removing defendant's jurisdictional allegations does § 1446(c)(2)(B)'s "preponderance" standard come into play. *See Dart Cherokee Basin Operating Co, LLC*, 135 S. Ct. at 553-54 ("Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."). "Of course, a dispute about a defendant's jurisdictional allegations cannot arise until *after* the defendant files a notice of removal containing those allegations." *Id.* at 554 (emphasis in original) (citation omitted).

Page 6- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

Respectfully submitted this 29th day of August 2022.

Dated:  August 29, 2022                Respectfully submitted,

*/s/ John A. Berg*
John A. Berg, OSB No. 120018
Erin O. Sweeney, OSB No. 106632
LITTLER MENDELSON, P.C.

Attorneys for Defendant

Page 7- DEFENDANT'S NOTICE OF REMOVAL

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309

## CERTIFICATE OF SERVICE

I hereby certify that on August 29, 2022, a full, true, and correct copy of the foregoing Defendant's Notice of Removal was filed via the Court's CM/ECF system and was served via email and mail to Plaintiff Christopher Nettleton's counsel of record:

Andrea D. Coit
Jonathan M. Hood
HUTCHINSON COX
940 Willamette Street, Suite 400
PO Box 10886
Eugene, OR 97440
Telephone: 541-686-9160
Facsimile: 541-343-8693
acoit@eugenelaw.com
jhood@eugenelaw.com

By:  */s/ Kaitlin G. Herbst*

Kaitlin G. Herbst

Page 1- CERTIFICATE OF SERVICE

LITTLER MENDELSON, P.C.
1300 SW 5th Avenue
Wells Fargo Tower - Ste 2050
Portland, Oregon  97201
Tel: 503.221.0309