UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER NETTLETON,  
*an individual*,

        Plaintiff,

v.

EXACT SCIENCES CORPORATION,  
*a Delaware corporation*,

        Defendant.

Case No. 6:22-cv-01290-MC

OPINION AND ORDER

MCSHANE, Judge:

Following the reversal by the Ninth Circuit Court of Appeals of this Court's dismissal of Plaintiff's fraud claim, Defendant moves for leave to file a post-remand motion to dismiss. Def.'s Mot. Leave, ECF No. 30 ("Motion"). Because there is a legal issue as to whether Plaintiff can seek damages for emotional distress, Defendant's Motion is GRANTED in part and DENIED in part.

## **BACKGROUND**

Plaintiff Christopher Nettleton brought this action against Defendant Exact Sciences Corporation alleging breach of contract and fraud in connection with an employment offer Defendant made to Plaintiff. Def.'s Notice Removal, Ex. 1, ECF No. 1-1. The Court dismissed the original complaint and granted leave for Plaintiff to amend his fraud claim. Op. and Order, ECF No. 10. Plaintiff alleged in his amended complaint that, through an August 31, 2021 email,

1 – OPINION AND ORDER

Defendant Exact Sciences fraudulently induced Plaintiff to leave his job with Pfizer Corporation to join Defendant's team. Pl.'s Second Am. Compl. 15, ECF No. 11 ("SAC"). The Court dismissed Plaintiff's amended fraud claim with prejudice. Op. and Order, ECF No. 20.

Plaintiff appealed the dismissal of both claims. The Ninth Circuit Court of Appeals affirmed the dismissal of Plaintiff's contract claim but reversed the dismissal of his fraud claim. Ninth Circuit Mem., No. 23-35399, ECF No. 25. That court found that Plaintiff alleged sufficient facts to show that Defendant intended to defraud him, and that Plaintiff reasonably relied on Defendant's alleged promise. *Id.* at 2–5. The court remanded for further proceedings. *Id.* at 5.

## STANDARDS

Rule 12(g)(2) provides that a party that has already filed a Rule 12 motion "must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed R. Civ. P. 12(g)(2). Despite Rule 12(g)'s language, district courts exercise broad discretion as to whether to allow new motions in the interest of judicial economy. *See In re Apple iPhone Antitrust Litig.*, 846 F.3d 313, 318–20 (9th Cir. 2017). The Ninth Circuit is "forgiving" of a district court's decision to hear successive Rule 12(b)(6) motions, provided that decision works "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See id.* (quoting Fed R. Civ. P. 1).

## DISCUSSION

### I. Motion for Leave

Defendant seeks leave to move to dismiss Plaintiff's claims for fraud, economic damages, and emotional distress damages, arguing that its motion will "efficiently resolve the case in its entirety," or alternatively, "expedite the case by narrowing discovery[.]" Motion 6–9. Ignoring the

Ninth Circuit's holding in *In re Apple*, Plaintiff instead cites to Rule 12(g) to argue that Defendant's proposed motion is prohibited.

As outlined below, the Court finds merit only in the defense's argument that the claim for emotional distress damages might be dismissed to streamline discovery and aid in the efficient resolution of the case. The Court grants leave in part for the defense to file a motion as to noneconomic damages.

   a. **Plaintiff's Fraud Claim**

Defendant argues that the Ninth Circuit's holding that Defendant performed its contractual obligation forecloses Plaintiff's fraud claim. Motion 6. Plaintiff argues, and the Court agrees, that the Ninth Circuit's determination that Plaintiff adequately pled fraud is now the law of the case, and Defendant's argument runs contrary to the Ninth Circuit's reasoning. *See* Pl.'s Resp. 2–5, ECF No. 32 ("Response"). Unlike the employment contract, which was the basis of Plaintiff's contract claim, the statement in Defendant's August 31, 2021 email, which is the basis of Plaintiff's fraud claim, is not qualified by the at-will relationship.[1] Contrary to Defendant's arguments, the Ninth Circuit's finding that the terms of the employment contract were not breached does not equate to a finding that the representations in the August 31 email were not fraudulent. No further arguments to the contrary will be heard at this stage.

   b. **Plaintiff's Damages Claims**

As a threshold matter on this issue, Plaintiff argues that Defendant mischaracterizes its Motion for Leave, and states that Defendant actually seeks leave to file a Rule 12(f) motion to

---

[1] Indeed, the Ninth Circuit explicitly found that the employment contract's supersession clause, which provided that the offer letter "supersede[d] all prior written or oral communications," did not render Plaintiff's reliance on the earlier representation unreasonable. Ninth Circuit Mem. 4–5. Plaintiff was reasonable to rely on the allegedly fraudulent representation despite the terms of the at-will employment contract because the contract did not explicitly contradict the earlier representation about relocation. *Id.*

3 – OPINION AND ORDER

strike damages. Response 10–11. Defendant is correct that a Rule 12(b)(6) motion is the proper vehicle for its purposes, so the Court will consider Defendant's Motion within that context. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973–74 (9th Cir. 2010).

### i. Plaintiff's Claim for Economic Damages

Defendant seeks leave to move to dismiss Plaintiff's claim for economic damages, arguing that claim is "contrary to Oregon law." Motion 8. But plaintiffs asserting a fraudulently induced employment contract *can* recover damages for "actual salary loss" and foregone employment opportunities. *See Albrant v. Sterling Furniture Co.*, 85 Or. App. 272, 277 (1987) ("[Plaintiff may be able to prove that [her previous employer] would have continued her employment indefinitely . . . had it not been for the alleged misrepresentations by defendants. In other words, although she cannot prove what she would have earned working for defendants, she may be able to prove what she lost by quitting her job[.]"); *Elizaga v. Kaiser Foundation Hospitals, Inc.*, 259 Or. 542, 549–50 (1971). The Court sees no allegations of unrecoverable economic damages. Defendant's Motion is denied as to that claim.

### ii. Plaintiff's Claim for Emotional Distress Damages

Finally, Defendant seeks leave to move to dismiss Plaintiff's claim for $1,000,000 in emotional distress damages. Motion 7–8. Defendant argues those damages are "unrecoverable under Oregon law," and that "the Court would relieve the parties and third parties of the collection of medical records and other documents concerning Nettleton's alleged emotional state, related expert discovery and depositions, and possibly a Rule 35 mental examination." Motion 7–8.

Defendant argues, and Plaintiff does not refute, that no Oregon court has recognized a claim for emotional distress damages caused by fraud. Resolving this question now has the potential to spare Plaintiff, Defendant, and third parties the expense of discovery into Plaintiff's

medical records and emotional state and give the parties a clearer idea of what is at stake. Because Defendant's Motion on this issue will aid in the "just, speedy, and inexpensive determination" of this case, that Motion is GRANTED. This is not a ruling on the merits of the issue, but Defendant is granted leave to file a motion to dismiss any claim for noneconomic damages.

## II.     Plaintiff's Request for Attorney's Fees

Plaintiff asks the Court to award him attorney's fees for the costs incurred in responding to Defendant's Motion. Response 14–15. An award for attorney's fees is appropriate when a losing party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Alyeska Pipeline Services Co. v. Wilderness Soc'y*, 421 U.S. 240 (1975). Defendant's briefs demonstrate good faith, as significant case law cuts against the sufficiency of at least one of Plaintiff's legal claims. Plaintiff has not alleged, nor has the Court observed, that Defendant otherwise acted "vexatiously, wantonly, or for oppressive reasons." Plaintiff's request for attorney's fees is DENIED.

## **CONCLUSION**

Based on the foregoing, Defendant's Motion for Leave, ECF No. 30, is GRANTED in part and DENIED in part. Defendant may file a Motion to Dismiss Plaintiff's claim for emotional distress damages within seven days of this Order. Plaintiff's request for attorney's fees is DENIED.

IT IS SO ORDERED.


DATED this 30th day of October, 2024.


                                              /s/ Michael J. McShane
                                                  Michael McShane
                                           United States District Judge