UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

CHRISTOPHER NETTLETON,
*an individual*,

        Plaintiff,

v.

EXACT SCIENCES CORPORATION,
*a Delaware corporation*,

        Defendant.

Case No. 6:22-cv-01290-MC

OPINION AND ORDER

MCSHANE, Judge:

Before the Court is Defendant's Post-Remand Motion to Partially Dismiss Plaintiff's Second Amended Complaint, ECF No. 36 ("Motion"). For the reasons discussed below, Defendant's Motion is GRANTED.

**BACKGROUND**

Plaintiff Christopher Nettleton alleges that Defendant Exact Sciences Corporation fraudulently induced him to leave his job and work for Defendant. Pl.'s Second Am. Compl. 15, ECF No. 11. Plaintiff alleges that Defendant misrepresented to him that his new role "[would] not require candidate relocation" and that Plaintiff could "continue to serve in [his] current territor[y]" in Eugene, Oregon. *Id.* at 5–6. Shortly after accepting Defendant's job offer, Plaintiff alleges he was assigned to a new territory in Bend, Oregon and required to work there five days a week.

1 – OPINION AND ORDER

Plaintiff alleges nearly $1.7 million in economic damages and $1 million in emotional distress damages. *Id.* at 20. The emotional distress damages are based on five months of lost time with Plaintiff's wife and elderly father, in addition to anxiety, stress, depression, sleeplessness, and physical pain from excessive driving and hotel beds. *Id.* at 19–20.

## STANDARDS

A claim may be dismissed under Fed. R. Civ. P. 12(b)(6) for "failure to state a claim upon which relief can be granted[.]" Thus, "dismissal may be based on . . . a lack of a cognizable legal theory[.]" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citation omitted).

Federal courts applying substantive state law are bound by the state's highest authority on what its laws are. *Andrade v. Phoenix*, 692 F.2d 557, 559 (9th Cir. 1982). When the Oregon Supreme Court has not directly decided a matter of state law, this Court must use its "best judgment in predicting how the state's highest court would decide the case." *Fiorito Bros., Inc. v. Fruehauf Corp.*, 747 F.2d 1309, 1314 (9th Cir. 1984). In doing so, the Court "must ascertain from all available data what the state law is and apply it." *Estrella v. Brandt*, 682 F.2d 814, 817 (9th Cir. 1982). However, "absent controlling state authority[,] federal courts look to existing state law *without predicting potential changes* in that law." *Ticknor v. Choice Hotels International, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001) (emphasis added) (citation omitted).

## DISCUSSION

Defendant moves to dismiss Plaintiff's claim for emotional distress damages. Defendant argues, and Plaintiff does not refute, that no Oregon court has held that emotional distress damages are recoverable in a claim for fraud.

2 – OPINION AND ORDER

As an initial matter, Oregon courts follow the principles announced in the Restatement (Second) of Torts. *See, e.g.*, *Scott v. Francis*, 314 Or. 329, 334 (1992) (citing RESTATEMENT (SECOND) OF TORTS § 525); *U.S. Nat. Bank of Or. v. Fought*, 291 Or. 201 (1981) (relying on Restatement for claim of "deceit," analogous to fraud). Section 525 of that Restatement provides that one who makes a fraudulent statement "is subject to liability . . . for *pecuniary loss* caused to him[.]" RESTATEMENT (SECOND) OF TORTS § 525. Section 549 reiterates that one may recover "the *pecuniary loss* to him[.]" *Id.* at § 549.

Looking to case law, four Oregon cases are most applicable here.

First, in *Elizaga v. Kaiser Found. Hosps., Inc.*, 259 Or. 542 (1971), Plaintiff was a citizen of the Philippines who came to Oregon on the defendant hospital's assurances that he would be hired for a training program to become a surgeon. 259 Or. at 545–46. After plaintiff moved his family to Oregon, defendant notified him that it would be unable to hire him in that position. *Id.* at 546. Plaintiff took a lower-paying job and sued for misrepresentation. *Id.* The Court of Appeals considered the two measures of damages traditionally used in fraud cases: (1) the "benefit of the bargain" rule, where a property purchaser recovers "the difference between the real value of the property purchased and the value it would have had if it had been as represented," and (2) the "out of pocket" rule, where "the damages are the difference between the real value of the property purchased and the price the purchaser paid." *Id.* at 549 (citation omitted). The court noted that those two measures "are inapplicable to a case of a fraudulently induced employment contract." *Id.* at 550. Rather, in the case of a fraudulently induced employment contract, the measure of damages was the same as it would be in a breach of contract: "[t]here is the amount plaintiff would have earned under the contract, and the amount plaintiff actually earned." *Id.* at 550.

3 – OPINION AND ORDER

Second, in *Dizick v. Upqua Comm. Coll.*, 287 Or. 303 (1979), plaintiff enrolled in defendant college after the college told plaintiff he would learn advanced welding techniques. Plaintiff attended the school but was not taught advanced techniques. 287 Or. at 305. The court relied on *Elizaga* to reject defendant's argument that only "benefit of the bargain" or "out of pocket" damages were available. *Id.* at 312. The court again noted the distinction between the property context and a fraudulently induced contract and held that "[w]hen the alleged fraud does not involve the sale of property, the proper measure of damages must be flexible to compensate the plaintiff for whatever loss he has suffered." *Id.* The proper calculation of damages in that case amounted to wages plaintiff lost by not working while in school and by his inability to get a welding job after attending the college. *Id.*

Third, in *Albrant v. Sterling Furniture Co.*, 85 Or. App. 272 (1987), plaintiff left her job to work for defendant furniture store after defendant told her she would work daytime hours and receive 8–9% commission on all sales. 85 Or. App. at 274. After beginning work, plaintiff learned that certain items would yield less than 8% commission and that she was required to work evenings. *Id.* Defendant argued that plaintiff's damages were immeasurable because her employment was at will so the potential wages were too speculative. *Id.* at 276. The court agreed but noted that plaintiff could prove that her former employer would have employed her indefinitely. *Id.* at 277. "In other words, although she cannot prove what she would have earned working for defendants, she may be able to prove what she lost by quitting her job in Klamath Falls and moving to Eugene." *Id.*

Fourth and finally, *Staley v. Taylor*, 165 Or. App. 256 (2000), appears to be the only Oregon case discussing emotional distress damages in fraud. Plaintiff and defendants were neighbors on ocean-front property. 165 Or. App. at 258. Plaintiff submitted a letter in support of a variance to

allow defendants to renovate their property after defendants assured plaintiff the renovations would not obstruct plaintiff's view. *Id.* After the renovations blocked her ocean view, plaintiff sued. *Id.* The jury awarded plaintiff $10,000 in emotional distress damages, but the trial court granted defendant a judgment notwithstanding the verdict. *Id.* at 260. The Court of Appeals noted that, absent physical injury, there are four categories of cases in which a plaintiff may recover emotional distress damages: "(1) certain intentional torts, including trespass to land, intentional interference with contractual relations, conversion, racial discrimination; (2) private nuisance; (3) invasion of privacy; and (4) miscellaneous cases, for example unlawful disinterment of spouse's remains, [and] infringement of right to child custody[.]" *Id.* at 264 (internal quotation marks and citation omitted). The court "express[ed] no opinion" as to whether plaintiff was eligible to recover emotional distress damages. *Id.* at 265. Instead, the court held that even if such damages were available, plaintiff had failed to prove them. *Id.*

These cases establish the rule that a plaintiff may recover wages lost because of a fraudulently induced contract, like in a breach of contract claim. Notably, the "general rule" in a breach of contract claim precludes emotional distress damages. *Moody v. Or. Comm. Cred. Union*, 317 Or. App. 233 (2022). No Oregon case has held that emotional distress damages are recoverable in a claim for fraud. The only court to consider the question, *Staley*, declined to create such a claim and instead "express[ed] no opinion" on the matter. 165 Or. App. at 264.

Plaintiff relies on *Dizick*'s rule requiring flexible damages to compensate plaintiff "for whatever loss he has suffered," and argues that a flexible approach includes emotional distress. *See* 287 Or. at 312. But to this Court's knowledge, in circumstances such as these, that flexibility has only been applied to compensate for economic damages, not emotional damages.

Plaintiff also points to a few cases where the Oregon Court of Appeals did not disturb jury awards of non-economic damages for fraud. *Williams v. Philip Morris*, 182 Or. App. 44, 47 (2002), *vacated on other grounds, Philip Morris USA Inc. v. Williams*, 540 U.S. 801 (2003) (affirming verdict that included $500,000 in non-economic damages on fraud claim where defendant did not appeal that award); *Schwarz v. Philip Morris Inc.*, 206 Or. App. 20 (2006), *aff'd*, *Schwarz v. Philip Morris USA, Inc.*, 272 Or. App. 268, 270 (2015) (same, affirming verdict that included $50,000 in non-economic damages); *Vasquez-Lopez v. Beneficial Or., Inc.*, 210 Or. App. 553 (2007) (same, affirming verdict that included $5,000 in non-economic damages).

None of these cases discuss non-economic or emotional distress damages, much less establish that such damages are recoverable in a claim for fraud under Oregon law. Rather, these cases merely demonstrate the Oregon Court of Appeals' practice of addressing only arguments raised both in the trial court and on appeal. *See* Or. R. App. P. 5.45 ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error in the opening brief" to the Court of Appeals); *Howell v. Oregonian Pub. Co.*, 85 Or. App. 84 (1987) ("[P]laintiffs neither raised that theory in the trial court nor briefed or argued it on appeal, [so] the issue is deemed waived.").

The parties also cite cases from courts across the country, the majority of which have sided with Defendant and held that fraud is primarily an economic claim designed to compensate plaintiffs for economic loss. Motion 5; Pl.'s Resp. to Def.'s Post-Remand Mot. to Partially Dismiss Pl.'s Second Am. Compl. 13–14, ECF No. 37. This reasoning comports with the Restatement, which as noted above, Oregon courts follow.

The Court does not doubt that Defendant's alleged fraud may have had emotional impacts on Plaintiff, who felt it was very important to work in Eugene. But the Court is unable to allow

Plaintiff's claim for emotional distress damages. If the Court were to do so, it would be the first court in Oregon to pronounce that those damages are available in a claim for fraud. *See Ticknor*, 265 F.3d at 939 (federal courts are not permitted to predict potential changes in state law).

This decision comports with the reasoning of every other court in this District to consider the issue. *See Torre v. Rosas*, 2001 U.S. Dist. LEXIS 9501, at *9 (D. Or. June 13, 2001) ("plaintiff's recovery is limited to his 'out of pocket' losses . . . [t]herefore, his request for damages for emotional distress related to his fraud claim is stricken."); *Julian-Ocampo v. Air Ambulance Network, Inc.*, 2001 U.S. Dist. LEXIS 10986, at *11–12 (D. Or. July 27, 2001) ("Oregon appellate courts have never held that emotional distress damages can be recovered for a fraud claim. Plaintiffs have cited no cases awarding them. I am unwilling to expand the tort of fraud to cover emotional distress damages. Summary judgment is granted against the fraud claim."); *Phillips v. Lithia Motors, Inc.*, 2006 U.S. Dist. LEXIS 25607, at *47–48 (D. Or. Apr. 27, 2006) ("Oregon appellate courts have never held that emotional distress damages can be recovered for a fraud claim. Plaintiffs here have cited no cases awarding them. The court declines to permit the allegations in this case and the motion to strike is granted.").

## CONCLUSION

Based on the foregoing, Defendant's Motion, ECF No. 36, is GRANTED. Plaintiff's claim for emotional distress damages is dismissed.

IT IS SO ORDERED.

DATED this 6th day of February, 2025.

                                                   s/Michael J. McShane
                                                       Michael J. McShane
                                                 United States District Judge